UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| WADE POE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos.: 3:14-CR-118-TAV-HBG-1 |
| ) | 3:17-CV-467-TAV |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION**

This is a pro se prisoner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 43].[1] On November 16, 2017, the Court ordered Petitioner to show cause as to why the § 2255 motion is not barred by the applicable statute of limitations [Doc. 44]. Petitioner filed a response thereto [Doc. 47]. For the following reasons, the § 2255 motion [Doc. 43] will be **DENIED** as time-barred and this action will be **DISMISSED**.

On October 30, 2015, the Court entered a judgment against Petitioner for one count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) [Doc. 35]. Petitioner did not file an appeal of this conviction. On October 26, 2017, Petitioner filed the instant § 2255 motion [Doc. 231].

Title 28 United States Code § 2255(f) provides, in pertinent part:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

---

[1] All citations to the record refer to Petitioner's criminal file.

>     (1) the date on which the judgment of conviction becomes final;
>
>     (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>     (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As Petitioner did not file an appeal of the Court's judgment against him, his conviction became final when he failed to do so within fourteen days of the Court's entry of judgment. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining that an unappealed judgment of conviction becomes final when the fourteen-day period for filing a direct appeal has elapsed). Accordingly, Petitioner's conviction became final on November 13, 2015, and he had one year from that date (specifically until November 13, 2016) to file a § 2255 motion. Petitioner, however, did not file the instant § 2255 petition until more than a year later on October 26, 2017. As such, Petitioner's § 2255 motion is time-barred, unless Petitioner is entitled to equitable tolling.

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6th Cir. 2001). A petitioner bears the burden of establishing that equitable tolling applies to his case, and the doctrine is used sparingly. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th

Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  In order to demonstrate that he is entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 (holding that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day.").

In support of his assertion that he is entitled to equitable tolling of the statute of limitations, Petitioner asserts that he was in imminent danger at the federal facilities in which he was incarcerated after the judgment against him because of his status as a sex offender [Doc. 47 p. 2].  Petitioner specifically states that FCI Ashland, FCI Manchester, and FCI McDowell "are all three prisons where a sex offender is not likely to survive without serious personal injury" and that, at these prisons, "it would have been pure folly for Petitioner to have attempted to seek out another inmate to assist him in the preparation of his § 2255" [*Id.* at 2–3].  Petitioner further claims that the Bureau of Prisons' ("BOP") "penchant for designating [s]ex [o]ffenders to prisons where their safety is in imminent danger qualifies as a 'government action in violation of the Constitution or laws of the United States'" under § 2255(f)(2) [*Id.* at 4].  Thus, Petitioner argues that the danger to him due to his status as a sex offender, his need for protective custody, and his ignorance of the law entitle him to equitable tolling [*Id.* at 3–4].

3

First, while Petitioner asserts that the BOP's alleged tendency to place sex offenders in prisons at which they are in imminent danger qualifies as government action that prevented him from filing his § 2255 in a timely manner, Petitioner specifically states that this danger prevented him from seeking help to file a § 2255, not from filing a § 2255 without assistance. Thus, even if the Court accepts as true Petitioner's assertion that danger at FCI Ashland, FCI Manchester, and FCI McDowell prevented him from seeking help to file a § 2255 petition while he was incarcerated therein, nothing in Petitioner's response suggests that Petitioner pursued his rights diligently as required for Petitioner to be entitled to equitable tolling. Moreover, to the extent that Petitioner asserts that his ignorance of the law prevented him from doing so without assistance, this is insufficient to entitle Petitioner to equitable tolling. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citations omitted) (holding that "an inmate's lack of legal training, his poor education, [and] even his illiteracy does not give a court reason to toll the statute of limitations"). Accordingly, Petitioner's § 2255 is untimely, Petitioner is not entitled to equitable tolling, and Petitioner's § 2255 [Doc. 43] will be **DISMISSED**.

Under 28 U.S.C. § 2253(c)(2), the Court must now determine whether a certificate of appealability should be granted. As the Court has dismissed this action on procedural grounds without reaching the merits of the underlying claims and jurists of reason would not find it debatable that the Court is correct in finding that the § 2255 petition is untimely, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Accordingly, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE